PODOY, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*December 5, 1911—January 9, 1912.*

*Street railways: Injury to person on track: Duty of motorman: Wanton or reckless conduct: Inadvertence.*

Upon discovering a person in a position of imminent peril on the track in front of an electric car the motorman was charged with the duty of averting such peril so far as lay in his power; and he cannot be held to have been free from wanton recklessness on the ground that, after such discovery, his failure to stop the car was due to inattention to duty and that his state of mind was that of inadvertence or neglect.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Dismissed.*

The appeal is from an order granting a new trial.

For the appellant there was a brief by *Van Dyke, Rose-crantz, Shaw & Van Dyke,* and oral argument by *James D. Shaw.*

For the respondent there was a brief signed by *Rubin & Lehr,* attorneys, and *W. B. Rubin* and *J. Elmer Lehr,* of counsel, and oral argument by *W. B. Rubin* and *H. B. Walmsley.*

TIMLIN, J.   In this action, brought to recover damages on the ground of gross negligence, there was a special verdict submitted containing, among other things, the following question:

"Did the motorman run said car into the crowd of persons upon such highway and tracks in wanton and reckless disregard of human life and limb?"

The jury answered this question No, and the court granted a new trial because in reference to this question he had instructed the jury:

"If you find that after the motorman discovered that the plaintiff was in a position of imminent peril the motorman then failed to stop the car by reason of inattention to his duty, and that his state of mind was that of inadvertence or neglect, you cannot find that the motorman in failing to then stop his car was guilty of wanton, wilful, and malicious conduct."

The instruction was misleading and therefore erroneous. It affirms that after attention is aroused by the discovery that plaintiff was in a perilous position and that the peril was imminent, that is to say, instantly or suddenly impending, and notwithstanding this the motorman failed to stop the car, although he had the power to do so, still if this failure was by reason of inattention to his duties, and his state of mind was that of inadvertence or neglect, the jury "could not" find the motorman guilty of wanton or wilful or malicious conduct.   This presents a puzzling metaphysical conception. After attention is aroused and ordinarily stimulated to the

utmost by the discovery of imminent peril impending over a fellow man, and the discoverer has control of the engine of destruction and is charged with the duty to avert this impending peril so far as lies in his power, may he lapse into inattention, inadvertence, and neglect, and so failing to take measures to avert the peril excuse himself from wanton recklessness? The assumption in the instruction that the motorman had discovered the peril and its imminence negatives inattention. This discovery and this knowledge aroused attention and is only compatible with attention. Knowledge that the peril was imminent, and inattention or inadvertence during the instant between the discovery, which implies knowledge, and the swiftly impending consequences, is entirely too fine-spun a metaphysical theory to submit to an ordinary jury without misleading consequences. The ordinary principles of humanity and the rules of law peremptorily require attention during such swift and short crisis. That attention should be aroused by knowledge, and that there should exist at the same time or instantaneously thereafter inattention and inadvertence under such circumstances, and that this inattention should absolutely prohibit the jury from further inquiry into the wanton character of the act or omission, if not erroneous because it describes an impossible mental condition, is at least too subtly metaphysical for use in the ordinary practical affairs of life. The charge might well be understood as affirming that one can absolutely and by a rule of law absolve himself from liability for the more grievous tort by interposing a tort of less degree between the first tort and its impending consequences. Needless to state there is no such rule of law. The court properly granted a new trial on this ground.

*By the Court.*—The appeal is dismissed.